414 A.2d 765

**COMMONWEALTH of Pennsylvania**

v.

**Samuel COLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 28, 1980.

Filed March 14, 1980.

Jack H. Land, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, O'BRIEN and CIRILLO, JJ.*

CIRILLO, Judge:

On October 10, 1975, appellant was arrested and charged with murder, robbery, criminal conspiracy, and burglary. Prior to trial, appellant's motion to suppress a written statement was granted. On March 8, 1976, appellant's jury trial began, and the court granted appellant's motion for a

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

directed verdict on the burglary charge. Three days later, the jury returned a verdict of guilty of murder of the second degree, conspiracy, and robbery. Post–verdict motions were denied, and appellant was sentenced to three concurrent terms of imprisonment of life imprisonment on the murder conviction, ten to twenty years on the robbery conviction, and three to six years on the criminal conspiracy conviction. This appeal followed.

Appellant raises five issues in this appeal: a challenge to the sufficiency of the evidence, an unnecessary delay between arrest and arraignment, the use of a suggestive one–on–one identification, the prosecution's use of perjured testimony, and a challenge of the ineffective assistance of counsel. For the reasons which follow, we reject appellant's contentions.

■ First, appellant contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt. We cannot agree. Viewing the evidence in a light most favorable to the prosecution and accepting as true the evidence and all the inferences from which, if believed, could support the jury's verdict, we conclude that the evidence is sufficient to support the jury's verdict of guilty beyond a reasonable doubt.

The basic facts are not in dispute. On April 26, 1975, a buzzer heard upstairs in the victim's apartment indicated that someone was downstairs in the victim's store. The hardware store and the apartment were owned by the victim and his wife, Stanley and Selma Pollack. At the time the buzzer sounded, the victim went downstairs to the store, which before that time had been empty. Then appellant, the co–defendant, and the victim's sister–in–law, Claire Holzman, entered the door which led to the first floor of the store. Appellant asked the victim for an item and the two of them went into the basement area, an area which was also used for storage and as a sales area. While the victim was downstairs in the basement, Claire Holzman talked with appellant's co–defendant who had also asked to see an item in the store. At that time, Selma Pollack came downstairs

and led the co–defendant, Charles Mobley, to the rear of the store. Charles Mobley then went to the basement doorway, told Selma Pollack that he had forgotten his wallet, and left the store. Mobley never returned to the store. A few minutes later, appellant came upstairs from the basement alone and then left the store. Then the victim came upstairs a minute later by himself and was covered with blood. The victim mumbled something about money and his wallet which was missing from his person at that time. The victim was then taken to a hospital where he became unconscious and died less than two weeks later, having never regained consciousness. It is undisputed that the injuries the victim received on April 26, were the direct cause of his death and that the manner of death was a homicide.

Appellant's challenge of the sufficiency of the evidence is based on the fact that no one saw appellant push, hit, or throw the victim. This challenge must fail. Although no one saw appellant inflict the fatal blow, the prosecution's evidence had established that appellant and co–defendant arrived at the store together, that appellant went down to the basement with the victim, that the co–defendant left before appellant, that appellant came upstairs by himself, and that approximately one minute later the victim came back upstairs covered with blood and his wallet missing. Additionally, the prosecution's evidence established that appellant had admitted that he was responsible for the incident. According to the combined testimony of Quinn and Keith Williams, appellant's step–sons, and Albert White, a friend of appellant's family, appellant had said in their presence that he went into the store, took the money, threw a man down the steps, and ran out of the store.

Appellant next contends that the testimony of Claire Holzman was not credible because she was upset at the time of the incident. Appellant's questions about the witness' credibility was for the factfinder to resolve. The jury's determination of the credibility matter was adverse to appellant.

Appellant attacks the testimony of Quinn and Keith Williams and Albert White as unworthy of belief because appellant's statements were taken out of context. Appellant also contends that one of the witnesses was not in a position to overhear appellant's conversation about his role in the robbery–murder. Appellant's contentions were credibility matters within the function of the factfinder. The jury resolved the credibility matter adverse to appellant.

■ The remainder of the issues to be considered were raised by appellant in a *pro se* supplemental brief. Three of these issues: the allegation of an unnecessary delay between arrest and arraignment, the use of a suggestive one–on–one identification, and the prosecution's use of perjured testimony, have not been preserved for appellate review because they were not raised in written post–verdict motions. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

Finally, appellant raises a claim of ineffective assistance of trial counsel for alleged failure to file appropriate motions. Unfortunately, the appellant fails to specify what alleged meritorious issues should have been raised in the motions and, therefore, the appellant has failed to indicate in what manner trial counsel was ineffective.

Judgment of sentence affirmed.